NOTICE
Decision filed 02/19/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250058-U

NO. 5-25-0058

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| KIMBERLY BENDA, | ) | Appeal from the |
| | ) | Circuit Court of |
| | ) | Madison County. |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 24-MR-368 |
| | ) | |
| MIKE PARKINSON, MICHALENE MILLAS, | ) | Honorable |
| JENNA DEYONG, GRANITE CITY ELECTORAL | ) | Ronald Foster, |
| BOARD, BOB PICKERALL, AND DAN MCDOWELL, | ) | Judge, presiding. |
| | ) | |
| Respondents-Appellees. | ) | |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice McHaney concurred in the judgment.
Justice Boie dissented.

**ORDER**

¶ 1    *Held*:    We affirm the judgment of the circuit court that affirmed the Board's decision. A conflict of interest did not prohibit the city clerk from participating as a member of the Board, and it was not against the manifest weight of the evidence to determine the election candidate documents were not bound.

¶ 2    In this expedited appeal[1], we are asked to determine whether the city clerk, who was called as a witness, but who did not testify, had a conflict of interest as a sitting board member and whether the petitioner, Kimberly Benda, had complied with the requirements of the Election Code (Code) for a candidate's nomination papers entitling her name to remain on the ballot for an

_____
[1] Appellant filed her notice of appeal on January 28, 2025. Appellant filed a motion for expedited briefing and ruling on February 7, 2025, which was granted by this court.

1

upcoming mayoral election. For the following reasons, we affirm the judgment of circuit court and the Board's decision.

¶ 3                                     I.  BACKGROUND

¶ 4    The petitioner seeks to be on the ballot as a candidate for the office of mayor of Granite City, Illinois, in the 2025 election. On November 12, 2024, Benda filed her election candidate documents which included a statement of candidacy, 29 numbered petition sheets, a statement of economic interest, and a loyalty oath. The respondent, Michalene Millas (objector), filed an objection with the Granite City Electoral Board (Board), challenging Benda's election candidate documents. See 10 ILCS 5/10-8 (West 2022). A copy of the objector's petition is not contained in the record on appeal.

¶ 5    According to the written decision of the Board, the objection was filed on November 25, 2024, and contained the following issues:

"First, whether the nomination papers of the Respondent were neatly fastened together in book form, by placing the sheets in a pile and fastening them together, per 10 ILCS 5/10-4.

Second, whether all petition signature sheets were numbered consecutively, per 10 ILCS 5/10-4.

Third, whether the circulator's statement on the signature sheets of the nominating petitions, were filled out at the time of the circulator's signature, which certifies the petition was signed in his or her presence, as required by 10 ILCS 5/10-4.

Forth, whether the Candidate's name appears exactly in the same form on the Petition sheets, Statement of Candidacy, and Loyalty Oath."

¶ 6    On December 4, 2024, the Board held a hearing on the objections. See 10 ILCS 5/10-9 (West 2022). At the beginning of the hearing, counsel for Benda stated, "Okay, for the record,

2

we're objecting that [the City Clerk] is a fact witness, and fact witness cannot be a factfinder." Later in the hearing, the petitioner attempted to call the city clerk as a witness and the following dialog occurred:

"[BOARD CHAIRMAN PICKERELL]: She can't be a witness. She's on the board.

[BENDA'S COUNSEL]: The fact that both parties are wanting her as a witness I think disqualifies her.

[BOARD CHAIRMAN PICKERELL]: She's not going to be a witness.

[BENDA'S COUNSEL]: Sir?

[BOARD CHAIRMAN PICKERELL]: She's not going to be a witness.

[BENDA'S COUNSEL]: Both parties are wanting her as a witness. She's a factual witness. Due ---

[OBJECTOR'S COUNSEL]: We can do it without her as a witness. Thank you.

[BOARD CHAIRMAN PICKERELL]: Okay. Thank you."

¶ 7 The Board Chairman then directed the parties to move on and several witnesses were called, including the petitioner and the objector. Upon conclusion of the testimony and closing arguments, the Board found that Benda's nomination documents were not neatly fastened together, contrary to section 10-4 of the Code (10 ILCS 5/10-4 (West 2022)). It further found that the petition signature sheets were consecutively numbered in compliance with section 10-4 (*id.* § 10-4); that the signatures on the nominating petition sheets were pre-copied before circulating for signature, contrary to section 10-4 (*id.* § 10-4); and that at least nine of the petition sheets stated the name of the candidate as "Kim Benda," while the Statement of Candidacy stated the name of the candidate as "Kimberly Benda." Based on those findings, the Board ruled that the petitioner's name must be removed from the ballot for Granite City mayor in the upcoming election. A written decision was issued by the Board on December 9, 2024.

3

¶ 8    Benda filed a timely petition for judicial review in the circuit court of Madison County on December 13, 2024. The petition alleged the following:

"A: Michalene Millas, as a city employee lacked standing to bring the objection,[2] and/or

B: Board Member [City Clerk], as a fact witness, sought to be called by both sides, had and has an inherent conflict of interest, and should not have been eligible to sit on said hearing, and/or

C: The objection and notice was not timely served on [the petitioner], by Certified Mail, within the requisite time period, and thus the Board Lacked jurisdiction to hear the objection, and/or

D: There was no actual evidence to support any finding sufficient to remove [the petitioner] from the Ballot, and the stated reasons for doing so were pretense, and not sufficient in fact or law."

¶ 9    On January 28, 2025, the circuit court issued a written decision. The circuit court first addressed the issue of jurisdiction and found that the Board had jurisdiction to address the objection based on the uncontested affidavit of the deputy sheriff documenting his service of the petitioner with the Call to the Electoral Board meeting with the five-day period called for in section 10-10 of the Code (*id*. § 10-10). Next, the circuit court found that the petitioner's nomination papers were not neatly fastened as required by section 10-4 (*id*. § 10-4); and that the petitioner's name on nine of the petitions were inconsistent with her name on her Statement of Candidacy and Loyalty Oath, and thus, were legally void. Finally, the circuit court found no conflict of interest

[2]Although standing was an issue stated in the petition for judicial review, the petitioner's brief in the circuit court did not argue the objector's standing. The petitioner's circuit court brief argued that the Board lacked jurisdiction based on service, not on standing. The Board's jurisdiction, nor any standing issue, is not raised on appeal.

with regard to the city clerk due to her position as a potential witness, and her service on the Board. Based on those findings, the circuit court found that the Board's findings of fact were clearly consistent with the manifest weight of the evidence and affirmed the Board's decision. In the interest of brevity, all relevant evidence and statutory case law addressed at the Board's hearing and/or considered by the circuit court will be set forth in our analysis below.

¶ 10                                    II. ANAYLSIS

¶ 11    Benda's statement of issues in her appellant brief lists six issues, however, only four issues are addressed within the argument section of her brief. Therefore, there are only four issues properly presented for this court's consideration. See Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited[.]"). Those four issues are (1) whether the city clerk, as a potential witness, serving as a member of the Board violated the petitioner's due process rights; (2) whether the petitioner's nominations documents were properly bound; (3) whether Illinois law allows for a combination of names to be used on the nominating petitions; and, (4) whether there was sufficient evidence that the petition sheets were pre-copied with the petitioner's signature before being circulated for voter signatures.

¶ 12    Judicial review of an electoral board's decision pursuant to section 10-10.1 of the Code (10 ILCS 5/10-10.1 (West 2022)), is considered an administrative review. *Schwartz v. Kinney*, 2016 IL App (3d) 160021, ¶ 11 (citing *Jackson v. Board of Election Commissioners*, 2012 IL 111928, ¶ 46). Thus, on appeal, we review the Board's decision rather than the decision of the circuit court. *Id*.; *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 212 (2008).

¶ 13    An electoral board is viewed as an administrative agency. *Id.* at 209. There are three types of questions that we may encounter upon review of an administrative agency decision: questions of fact, questions of law, and mixed questions of fact and law." *Id.* at 210.

5

"An administrative agency's findings and conclusions on questions of fact are deemed *prima facie* true and correct. In examining an administrative agency's factual findings, a reviewing court does not weigh the evidence or substitute its judgment for that of the agency. Instead, a reviewing court is limited to ascertaining whether such findings of fact are against the manifest of the evidence. An administrative agency's factual determinations are against the manifest weight of the evidence if the opposite conclusion is clearly evident. In contrast, an agency's decision on a question of law is not binding on a reviewing court"

*Id.* at 210.

Mixed questions of law and fact are reviewed under the clearly erroneous standard. *Id.* at 211-12. "[A]n administrative agency's decision is deemed 'clearly erroneous' when the reviewing court is left with the 'definite and firm conviction that a mistake has been committed.' " *Cinkus*, 228 Ill. 2d at 211 quoting *AFM Messenger Service, Inc. v. Dept. of Employment Sec.*, 198 Ill. 2d 380, 395 (2001) and *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

¶ 14    The first issue on appeal is whether the city clerk should have served as a member of the Board or been excluded due to a conflict of interest. Benda argues that the city clerk, to whom Benda's nomination documents were submitted, was an obvious witness that both parties had intended to call and who had personal knowledge of the issues when she voted as a Board member. As such, the petitioner argues that the city clerk being allowed to remain on the Board tainted the proceedings and violated the petitioner's due process rights.

¶ 15    Whether the petitioner's due process rights were violated is a question of law that we review *de novo*. *Girot v. Keith*, 212 Ill. 2d 372, 379 (2004). "[I]t is a well-settled principle of law that concepts of due process apply to administrative hearings, and the parties are guaranteed the right to a fair and impartial tribunal." *Id*. at 380. A board member is generally subject to disqualification and substitution where he or she (1) is a candidate for the same office to which the

6

objector's petition is filed, (2) would be a necessary witness at the objection hearing and subject to assess his or her own credibility, or (3) has a pecuniary/financial interest in the outcome. *Muldrow v. Barron*, 2021 IL App (1st) 210248, ¶ 33.

¶ 16    In *Girot v. Keith*, 212 Ill. 2d 372, 374-75 (2004), our supreme court addressed the issue of whether a city clerk, who testified at an election board hearing concerning the filing of the nomination documents, could also serve as a member of the board. The *Girot* court found it was a violation of due process, and that the petitioner had been biased by the violation. *Id*. at 381. The *Girot* court went to state that, "[w]e find that such a process flagrantly violates due process notions of fairness and impartiality. Put simply, there is an inevitable bias when a fact finder is evaluating her own credibility." *Id*.

¶ 17    The matter before us is distinguishable from *Girot* because the city clerk did not testify. In this case, while serving on the Board, the city clerk, at most, had nothing more than familiarity with the facts of the matter that she gained in the performance of her statutory role. The *Girot* court noted the distinction when an administrative decisionmaker is merely familiar with the facts of a matter verses being asked to consider her own credibility, such as would be required if she had testified. "Mere familiarity with the facts of a case gained by an agency in the performance of its statutory role does not, however, disqualify a decisionmaker." *Hortonville Joint School District No. 1 v. Hortonville Education Ass'n.*, 426 U.S. 482, 493 (1976).

¶ 18    The question of whether Benda's due process rights were violated because she was not allowed to have the city clerk testify was not raised below, nor has it been raised before this court. See Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited[.]"). Accordingly, we find there was no conflict of interest with the city clerk serving on the Board in this matter.

¶ 19    Turning to the next issue, whether Benda's election candidate documents were bound in

7

compliance with 10 ILSC 5/10-4. The Board made a finding that the nomination papers of Benda "were not neatly fastened together in book form, by placing the sheets in a pile and fastening them together, contrary to 10 ILCS 5/10-4."

¶ 20    The Board was presented with conflicting testimony and exhibits. Benda testified, *inter alia*, as follows:

> "[BENDA'S COUNSEL]: Did you hear argument from the [objector's] attorney asserting whether or not the statement of interest was bound? Or whether the documents were bound?
>
> [BENDA]: No. It was – they were not. We had paper clips on it then, we had to go up to Madison County, so she marked on them not bound. When we came back a bit and turned it in, it was rebound, and the other lady's initial doc that she didn't update had – the paper clips and that were on it, which is also a choice.
>
> * * *
>
> [OBJECTOR'S COUNSEL]: But here you said that it was paper-clipped, but it isn't marked paper-clipped here, right?
>
> [BENDA]: Because we took the paper clip off when I handed it to her."

Exhibit 1, contained herewith, stated the petition was "not bound" and is signed by Benda.

***EFILED***
Case Number 2024MR00036
Date: 1/8/2025 4:08 PM
Patrick McRa
Clerk of Circuit Cour
Third Judicial Circuit, Madison County Illinoi

Exhibit 1

1 page



### RECEIPT FORM

#### ELECTION CANDIDATE DOCUMENTS

CANDIDATE'S NAME: Kimberly Benda

CANDIDATE'S ADDRESS: 2345 Orville Ave

CANDIDATE'S PHONE #: 618-830-9024

DATE: 11/12/24                 TIME: 0913 hrs.

OFFICE FILING FOR: Mayor

#### DOCUMENTS RECEIVED

✓  1) STATEMENT OF CANDIDACY

29  2) NUMBERED ORIGINAL PETITION SHEETS SIGNED BY VOTERS

✓  3) STATEMENT OF ECONOMIC INTEREST RECEIPT

✓  4) LOYALTY OATH (Optional)

MANNER IN WHICH PETITIONS ARE BOUND:

✓ NOT BOUND ___ BINDER CLIP ___ STAPLE ___ PAPER CLIP  OTHER: _____

*NAME OF PERSON FILING FORGOING DOCUMENTS: (print) Kimberly Benda

SIGNATURE OF PERSON FILING FORGOING DOCUMENTS: Kimberly Benda

ADDRESS: 2345 Orville Ave Granite IL 62040

PHONE #: 618 830-9024

PLEASE NOTE, IF YOU ARE NOT THE CANDIDATE FILING THESE PAPERS, YOU WILL NEED TO FORWARD THIS RECEIPT TO THE CANDIDATE.

I HAVE RECEIVED A <u>NOTICE OF OBLIGATION (D-5)</u> UNDER THE CAMPAIGN ILLINOIS FINANCING DISCLOSURE ACT, AND IF I AM NOT THE CANDIDATE FILING THESE PAPERS, I WILL FORWARD THE NOTICE OF OBLIGATION ONTO THE CANDIDATE.

X _____
Signature of Person Receiving the Notice of Obligation (D-5) on Filing Date

[  ] A LOTTERY TO DETERMINE BALLOT PLACEMENT FOR PETITIONS FILED SIMULTANEOUSLY WILL BE HELD AT 9:00 AM ON NOVEMBER 26, 2024 IN THE COUNCIL CHAMBERS, 2000 EDISON AVE., GRANITE CITY, IL 62040.

_____
Signature of Person Acknowledging Notice of Ballot Position Lottery

¶ 21    Gregory Austin was a witness on behalf of Benda. When asked if Benda's papers were bound, he testified as follows. "I believe so. I did – they were not loose. I cannot – I was not present

9

to tell you what type of retainer was on the paper, but I can tell you that they were not loose, because I was not standing at the counter; I was back one person." The other testimony came from Jennifer Flores who responded to the question "Were they bound?" by stating "Yes, they were. Just like mine were."

¶ 22 The Board weighed the evidence presented and made the factual determination that Benda's papers "were not neatly fastened together in book form." It was within the Board's province to assign the weight, if any, to the testimony and exhibits presented. We will not reweigh the evidence. We cannot say the opposite conclusion was clearly evident here. Accordingly, we affirm the decision of the Board to remove Benda from the ballot based on the failure to bind her election documents in compliance with 10 ILCS 5/10-4. As this determination supports the removal of Benda from the ballot, we need not address the remaining issues on appeal.

¶ 23                                    III. CONCLUSION

¶ 24 For the foregoing reasons, we affirm the judgment of the circuit court that affirmed the Board's decision.

¶ 25 Affirmed.

¶ 26 JUSTICE BOIE, dissenting:

¶ 27 I respectfully dissent from the majority decision. The majority finds that this matter is distinguishable from the holding of our supreme court in *Girot v. Keith*, 212 Ill. 2d 372 (2004) because the city clerk did not testify in the case before us. The majority also holds that the Board's refusal, without any precedent or statutory authority, to allow the city clerk to testify has been forfeited on appeal. I disagree.

¶ 28 I find that the Board's refusal to allow the city clerk to testify directly relates to the issue of whether the city clerk had a conflict of interest in serving on the Board. Our supreme court in *Girot* did not determine that a conflict of interest existed because of the context of the city clerk's

testimony, but instead, its holding was that "there is an inevitable bias when a fact finder is evaluating her own credibility." *Girot*, 212 Ill. 2d at 381. Therefore, the focus of this court's analysis should be whether the city clerk was in a position to evaluate her own credibility.

¶ 29    I agree with the majority that "[m]ere familiarity with the facts of a case gained by an agency in the performance of its statutory role does not, however, disqualify a decisionmaker." *Hortonville Joint School Dist. No. 1 v. Hortonville Educational Association*, 426 U.S. 482, 483 (1976). Here, the city clerk had more than "mere familiarity" with the case. She had personal knowledge that both parties considered relevant to the issue before the Board. As the majority notes, the Board was presented with conflicting testimony and exhibits regarding whether the petitioner had properly bound her nomination documents. The city clerk, who accepted those documents, had personal knowledge on that issue should have been permitted to testify. Although I agree that the petitioner did not raise the Board's refusal to allow the city clerk to testify as a separate issue, and thus, forfeited that specific issue on appeal, it is still an undisputed fact relevant to this court's analysis.

¶ 30    There is no dispute that it would have been a clear conflict of interest for the city clerk to remain on the Board if she had testified based on our supreme court holding in *Girot v. Kieth*, 212 Ill. 2d 372, 381 (2004). As such, I would find that the Board could not circumvent that conflict by refusing to allow the city clerk to testify. Based on the specific facts of this case, where the parties sought to have the city clerk testify as a witness and were denied that opportunity without any legal or statutory justification, I would find that the petitioner's due process rights were violated and would vacate the judgment of the circuit court. Therefore, I respectfully dissent from the majority's decision.

11